ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 MAY 22 A 11: 07
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| GIA HEGRE,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO-CULVER USA, INC.,<br>d/b/a BEAUTY SYSTEMS GROUP, INC.,<br>d/b/a SALLY BEAUTY COMPANY,<br>d/b/a MACON BEAUTY SYSTEMS,<br><br>    Defendants. | CV 103-173 |

# O R D E R

Plaintiff brought the captioned closed case pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and 42 U.S.C. § 1981. The matter is before the Court on Plaintiff's "Motion for New Trial Pursuant to Fed. R. Civ. P. 59 and 60." (Doc. no. 133.) Also pending is a motion for reconsideration which Plaintiff has filed in both the captioned case and a companion case, Hegre v. Alberto-Culver USA, Inc., CV 105-031 (S.D. Ga. 2007). (See doc. no. 132.) Upon the following, both motions are **DENIED**.

First, the Court addresses the motion for reconsideration. (See doc. no. 132.) Therein, Plaintiff brings various allegations of error pertaining to the Court's

entry of summary judgment in CV 105-031. As the Court has considered and rejected these arguments in a separate Order entered in CV 105-031, the motion (doc. no. 132) is **DENIED** without further comment.

In her "Motion for New Trial Pursuant to Fed. R. Civ. P. 59 and 60," Plaintiff complains that the Court erred in determining that Defendants are entitled to judgment as a matter of law. Although Plaintiff invokes both Rule 59 and Rule 60, the Eleventh Circuit has explained that "[a] post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60--regardless of how the motion is styled by the movant--depending on the type of relief sought." Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Here, Plaintiff seeks "the setting aside of the grant of summary judgment, denial of [Defendants'] motion for summary judgment, and trial on the merits of the case." Id. Accordingly, the Court properly characterizes Plaintiff's motion as brought pursuant to Rule 59(e). See id.

As the Eleventh Circuit has explained:

> "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."

Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)

(quoting In re Halko, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996)). The instant motion represents nothing more than an attempt to obtain a second "bite at the apple." Accordingly, the motion (doc. no. 133) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22 day of May, 2007.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE